UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL A. BURKE,                    :
                                     :
        Plaintiff,                   :
                                     :
        v.                           :        CASE NO. 3:08CV641(RNC)
                                     :
JAMES MIRON, ET AL.                  :
                                     :
        Defendants.                  :

RECOMMENDED RULING ON MOTION TO DISMISS

        Pending before the court is the defendants' Motion to Dismiss
(doc. #45).  The defendants move to dismiss for lack of prosecution
under Fed. R. Civ. P. 41(b) because the plaintiff did not cooperate
in the preparation of a joint Rule 26(f) report and because he
failed to pay sanctions in other cases.

I.   Failure to File 26(f) Report

        The defendants argue that the case should be dismissed for
failure to prosecute because plaintiff did not cooperate in the
preparation of a joint 26(f) report.

        On August 6, 2008, the court issued an order noting that a
joint 26(f) report had not been filed and ordered the plaintiff to
initiate a conference and serve a joint report as required by Fed.
R. Civ. P. 26(f) and Local Rule 26(f).[1]  (Doc. #22.)  Plaintiff did
not comply.  The defendants subsequently filed a 26(f) report
indicating that they had attempted to confer with the plaintiff but

_____

        [1]In May 2006, the plaintiff filed a document that appeared to
be a 26(f) report but which was signed by him alone and was not
prepared jointly with the defendants.  (Doc. #13.)

had been unable to reach him.  (Doc. #28.)  The court entered a
scheduling order on October 6, 2008. (Doc. #35.)

Under Fed. R. Civ. P. 41(b), a court deciding whether to
dismiss a case for failure to prosecute should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay
> of significant duration; (2) plaintiff was given notice
> that further delay would result in dismissal; (3)
> defendant was likely to be prejudiced by further delay;
> [and] (4) the need to alleviate court calendar
> congestion was carefully balanced against plaintiff's
> right to an opportunity for a day in court.

United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d
Cir. 2004).  The court should also consider whether the violation
can be adequately addressed using lesser sanctions.  Id.

Dismissal for failure to file the 26(f) report is not
warranted on this record.  First, although the case has been
delayed, the delay cannot be attributed to the failure of the
plaintiff to cooperate in preparing the 26(f) report.  The court
entered a scheduling order on October 6, 2008 so the lack of a
26(f) report did not prevent the parties from proceeding.  Second,
the pro se plaintiff was not warned by the court that his failure
to comply with Rule 26(f) would result in dismissal of his case.
See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d
Cir. 1990).  Finally, the defendants have not identified any
prejudice suffered as a result of the plaintiff's failure to comply
with Rule 26(f).

The plaintiff now is warned that failure to comply with the
rules of this court or with any court order in the future may

2

result in the imposition of sanctions, including monetary sanctions, preclusion of evidence, dismissal with prejudice or contempt of court.

II.  Failure to Pay Sanctions

The defendants also contend that plaintiff's case should be dismissed for failure to prosecute because he did not pay sanctions in other cases.  The plaintiff is a prolific *pro se* litigant.[2]  In at least three cases, he has been ordered to pay monetary sanctions after refusing to attend depositions.  See Burke v. Miron *et al.*, 3:07-cv-01181-RNC, doc. #77 (ordering sanctions of $2,055 on 4/7/09); Burke v. Also Cornerstone *et al.*, 3:08-cv-00643-MRK, doc. #42 (granting motion for costs and fees in the amount of $405.16 on

---

[2]See Burke v. Mental Health & Addiction Svc *et al.*, 3:07-cv-00756-MRK; Burke v. APT Foundation *et al.*, 3:07-cv-00820-MRK; Burke v. Willinger, Willinger & Bucci PC, 3:07-cv-00842-JBA; Burke v. Also Cornerstone *et al.*, 3:07-cv-00889-MRK; Burke v. Standard Oil of Connecticut, Inc. *et al.*,3:07-cv-00894-AVC; Burke v. Aniskovich *et al.*, 3:07-cv-00900-JCH; Burke v. Barrister Law Group *et al.*, 3:07-cv-00903-PCD; Burke v. Connecticut Renaissance, 3:07-cv-00906-JBA ; Burke v. Miron *et al.*, 3:07-cv-01181-RNC; Burke v. Kirk *et al.*, 3:08-cv-00454-MRK; Burke v. State of CT *et al.*, 3:08-cv-00639-MRK; Burke v. Weiner *et al.*, 3:08-cv-00640-JCH; Burke v. State of CT Dept of Labor *et al.*, 3:08-cv-00642-SRU; Burke v. Braron *et al.*, 3:08-cv-00856-MRK; Burke v. APT Foundation Inc *et al.*, 3:08-cv-00987-SRU; Burke v. Regional Network of Programs, Inc., *et al.*, 3:08-cv-01059-CFD; Burke v. Connecticut Renaissance *et al.*, 3:08-cv-01065-MRK; Burke v. Labor *et al.*, 3:08-cv-01083-MRK; Burke v. Blumenthal *et al.*, 3:07-cv-00645-MRK; Burke v. Mental Health & Addiction Svc *et al.*, 3:08-cv-00658-MRK; Burke v. Also Cornerstone *et al.*, 3:08-cv-00643-MRK; Burke v. Connecticut Renaissance *et al.*, 3:08-cv-00659-MRK; Burke v. Also Cornerstone et al., 3:08-cv-01064-MRK.  Notably, the plaintiff's Motion for Leave to Proceed *in forma pauperis*, doc. #1, disclosed only one of his many previously filed cases.

1/23/09);  Burke v. Blumenthal *et al.*, 3:07-cv-00645-MRK, doc. #39
(granting motion for sanctions in the amount of $670 on 9/7/07).

On January 26, 2009, Judge Kravitz of this court, noting that
the plaintiff had not paid the sanctions ordered in a previous case
in 2007, entered an order pursuant to Local Rule 16(g)(2).  Burke
v. Also Cornerstone *et al.*, 3:08-cv-643-MRK, doc. #48, citing
sanctions order entered in Burke v. Blumenthal *et al.*,
3:07-cv-645-MRK.  Local Rule 16(g)(2) provides:

> The Clerk shall not accept for filing any paper from an
> attorney or pro se litigant against whom a final order
> of monetary sanctions has been imposed until the
> sanctions have been paid in full. Pending payment, such
> attorney or pro se litigant also may be barred from
> appearing in court. An order imposing monetary
> sanctions becomes final for the purposes of this local
> rule when the Court of Appeals issues its mandate or
> the time for filing an appeal expires.

D. Conn. L. Civ. R. 16(g)(2).

Judge Kravitz's order instructed the Clerk of the Court "not
to accept any filing from Mr. Burke, including any new complaints
or *in forma pauperis* petitions, until he has paid this sanction and
any other sanction that may become final against him in the future,
or shows good cause to this Court why he has not paid the
sanction(s)."  Since that order was entered, plaintiff has been
barred from filing anything in this or any other case and from
commencing new litigation.[3]  The Rule 16(g)(2) order remains in

_____

[3]The Second Circuit, noting that it had dismissed at least 18
frivolous appeals filed by the plaintiff since 2008, has entered an
order directing its own clerk "to refuse to accept for filing any
further submissions signed by Appellant [Burke] unless he first

place.

The plaintiff may not file papers with this court until he complies with Judge Kravitz's order.  The plaintiff should be on notice that if he does not comply with Judge Kravitz's order on or before **April 1, 2010,** this action may be dismissed.

III. Conclusion

For the reasons set forth above, the court recommends that the defendants' Motion to Dismiss, doc. #45, be denied.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b)(written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6 & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300(2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv.s, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 11th day of March, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

obtains leave of the court to file such papers." See Mandate filed in Burke v. Also Cornerstone, 3:08cv643 (MRK), doc. #52.